UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

ALEXANDRU POLINSKI,  No. 07-10102

                Debtor(s).
_____/

BAY AREA DIAMOND WHOLESALERS, INC.,

                Plaintiff(s),

      v.  A.P. No. 07-1032

ALEXANDRU POLINSKI,

                Defendant(s).
_____/

Memorandum After Trial
_____

    Plaintiff Bay Area Diamond Wholesalers, Inc., is a jewelry wholesaler. Debtor and defendant Alexandru Polinski has been a jeweler for over forty years. Polinski filed his Chapter 7 bankruptcy petition on January 31, 2007. By this adversary proceeding, plaintiff seeks denial of Polinski's discharge.[1]

    Plaintiff argues that there are three grounds for denying the discharge: that Polinski transferred title of his home to his wife with the intent to hinder, delay or defraud a creditor; that he failed to keep or preserve adequate business records, and that he has failed to satisfactorily explain what happened to several hundred

---

[1] The complaint also seeks to determine dischargeability of plaintiff's claim. The court determined it would try the objection to discharge first pursuant to FRCP 42(b).

1

thousand dollars worth of jewelry given to him by plaintiff and other jewelry wholesalers.[2],[3]

The first ground is easily dismissed. Polinski's transfer of the home to his wife was more than a year before his bankruptcy filing, and there is no evidence of concealment. Moreover, the undisputed evidence is that as part of the transfer the property was-refinanced and the proceeds used to pay creditors. There is nothing upon which the court could base a finding that the transfer was made with the intent to hinder, delay or defraud any creditor.

The remaining two grounds point out the difficulties inherent in a jeweler obtaining a discharge in bankruptcy. The jewelry business at Polinski's level is based on personal relationships, trust and cash. According to plaintiff's own witness, the terms of what little documentation there is between the parties is by custom totally ignored. What few records exist are often just scribbled on small pieces of paper. While these practices may work well for jewelers and their suppliers when all is going smoothly, they present grave problems for jewelers seeking a discharge in bankruptcy.

Section 727(a)(3) of the Bankruptcy Code denies a discharge to any debtor who has failed to keep or preserve any business records from which the debtor's financial condition or business transactions might be ascertained, unless such failure was justified under all of the circumstance of the case. Section 727(a)(5) denies a discharge to any debtor who has failed to explain satisfactorily the loss of assets or deficiency of assets to meet the debtor's liabilities. Most significantly, neither of these sections require a showing of intent to defraud any creditor. *In re Suttles*, 819 F.2d 764, 766 (7th Circ. 1987). A debtor may be denied a discharge solely because of inadequate records. That is why Polinski cannot be granted a discharge in this

---

[2] Plaintiff and Polinski had no direct business relationship. Plaintiff gave its diamonds to one Andy Finn, who in turn gave its diamonds to Polinski. Polinski did not pay Finn or return the diamonds which Finn had obtained from plaintiff. Finn has assigned his rights to plaintiff.

[3] The diamond business is usually conducted under a very informal sale/consignment custom, whereby stones are freely transferred from person to person under an arrangement whereby the recipient will eventually pay for them or return them. See *In re Gannon*, 173 B.R. 313, 315 (Bkrtcy. S.D.N.Y. 1994); In *re Creative Goldsmiths of Washington, D.C.*, 178 B.R. 87 (Bkrtcy.D.Md. 1995); *In re Monohan & Co., Ltd.*, 29 B.R. 579 (Bkrtcy. D.Mass. 1983).

2

case.

Once a jewelry wholesaler has established a jeweler took possession of its gems and presently has neither the gems nor the proceeds of their sale, a prima facie case for denial of the jeweler's discharge has been made out. The burden then shifts to the debtor to show both business like conduct and good faith in relation to the gems. *In re Gannon,* 173 B.R. 313, 317 (Bkrtcy.S.D.N.Y. 1994).

In this case, Polinski has not met his burden. The evidence is undisputed that Polinski accepted several hundred thousand dollars worth of gems from wholesalers and middle men and failed to either pay for them or return them. Polinski has not produced one single document showing where the gems went. He could have sold them all legitimately, or they could all be under his pillow.

Polinski blames his inability to produce documentation on a fire which occurred at his retail location in July, 2005. The fire does not justify Polinski's failure to produce records of his sales of jewelry for two reasons. First, there is no evidence that the fire destroyed any records; the fire only caused a disruption in Polinski's business. Second, Polinski admitted that he sold many items for cash, so that there never was a record to be lost or destroyed. Polinski's cavalier disregard for records of his sales may be usual in the course of a small jewelry business, but it makes it impossible for the court to grant him a discharge.

For the foregoing reasons, judgment will be entered denying Polinski a discharge. Plaintiff shall recover its costs of suit. The portion of the complaint seeking a determination of the dischargeability of plaintiff's claim is accordingly moot, and will be dismissed without prejudice.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for plaintiff shall submit an appropriate form of judgment forthwith.

Dated: January 15, 2008

Alan Jaroslovsky
U.S. Bankruptcy Judge

3

Case: 07-01032    Doc# 18    Filed: 01/15/08    Entered: 01/15/08 13:31:14    Page 3 of 3